IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lisa Garrett, Individually and as Administrator of the Estate Of Nathan Alexander Garrett | Case No. 1:23CV2011 |
| | JUDGE PAMELA A. BARKER |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION & ORDER |
| Morgan County Sheriff's Office, et al., | |
| Defendants. | |

Currently pending is Defendant Brenna Nye's Motion to Consolidate (Doc. No. 53) the instant case with *Garrett v. Allen, et al.*, Case No. 1:24cv00471 (N.D. Ohio), which is currently pending before District Judge David Ruiz. Defendant Cruz Allen filed a response in support of Defendant Nye's Motion. (Doc. No. 60.) On March 20, 2024, Plaintiff Lisa Garrett, Individually and as Administrator of the Estate of Nathan Alexander Garrett, filed a Brief in Opposition to Defendant Nye's Motion to Consolidate. (Doc. No. 58.) Neither Defendant Nye nor Defendant Allen filed a Reply. For the following reasons, Defendant Nye's Motion to Consolidate (Doc. No. 53) is DENIED.

I.  Relevant Background[1]

On October 13, 2023, Plaintiff filed a Complaint in this Court against the following defendants: (1) the Morgan County Sheriff's Office ("MCSO"); (2) the Morgan County Board of

---

[1] The factual background and procedural history of this matter is set forth at length in this Court's July 10, 2024 Memorandum Opinion & Order (Doc. No. 97) and will not be repeated in full herein.

County Commissioners; (3) Morgan County Sheriff Douglas J. McGrath; (4) Morgan County Deputy Alex Mayle; (5) Morgan County Deputy Thomas Jenkins, Jr.; (6) the Ohio National Guard ("ONG") c/o Major General John C. Harris, Jr.; (7) ONG First Sergeant Jack Gillum; (8) ONG Captain Angela Wilker; (9) ONG Commanding Officer Lawrence Bogan; (10) Cruz D. Allen; (11) Trance M. Van Liere; (12) Thomas Develin; (13) James R. Meade; (14) Christopher Leach; (15) Jordan C. Haas; (16) Brenna M. Nye; and (17) John Does Nos. 1 through 3. (Doc. No. 1.) Therein, Plaintiff alleged various state and federal claims arising out of the shooting and resulting death of Nathan Alexander Garrett on October 20, 2021.

On March 5, 2024, Plaintiff was granted leave to file an Amended Complaint. (Doc. No. 44.) The Amended Complaint names the same Defendants as in the original Complaint, and asserts the following ten (10) state and federal claims:

(1) Denial of Access under 42 U.S.C. § 1983 against the ONG, Sergeant Gillum, Captain Wilker, and Commander Officer Bogan (hereinafter "the ONG Defendants") (Count One); and the MCSO, the Morgan County Board of Commissioners, Sheriff McGrath, Deputy Mayle, and Deputy Jenkins (hereinafter the "Morgan County Defendants") (Count Three);

(2) Violation of Ohio Rev. Code § 2921.32 (Obstructing Justice) against the ONG Defendants (Count Two); the Morgan County Defendants (Count Four); Defendants Allen, Van Liere, Develin, Meade, Leach and Haas (hereinafter "the Guardsmen Defendants") and Defendant Nye (Count Six);

(3) Civil Conspiracy under 42 U.S.C. § 1983 against the ONG Defendants and the Morgan County Defendants (Count Five);

(4) Violation of Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated) against the ONG Defendants, the Guardsmen Defendants, and Nye (Count Seven);

(5) State Law Civil Conspiracy claim against all Defendants (Count Eight);

2

    (6)    Freedom of Information Act Violation against the ONG Defendants (Count Nine); and

    (7)    Negligent Retention against the ONG Defendants (Count Ten).

(*Id.*)

Meanwhile, on the same date that she filed her original Complaint in the instant action, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas against (1) the Guardsmen Defendants (i.e., Allen, Van Liere, Develin, Meade, Leach, and Haas); (2) Brenna Nye; (3) Meade's grandmother, Betty Jean Greene; and (4) John Does #s 1-4.  *See* Case No. 1:24cv471 (N.D. Ohio) (Doc. No. 2.)  Plaintiff's state law Complaint also arises out of the shooting death of Nathan Garrett, and alleges the following five (5) state law claims: (1) Premises Liability (Count One); (2) Violation of Ohio Rev. Code § 2923.15 (using weapons while intoxicated) (Count Two); (3) Negligent Handling/Use/Furnishing of a Handgun (Count Three); (4) Violation of Ohio Rev. Code § 2921.32 (obstructing justice) (Count Four); and (5) Civil Conspiracy (Count Five). (*Id.*)  Neither the Morgan County Defendants nor the ONG Defendants are named as defendants in Plaintiff's State Court Complaint.

On November 15, 2023, Plaintiff issued a third-party subpoena to the ONG in the state law case for documents and information relating to Garrett's death.  *See* Case No. 1:24cv471 (N.D. Ohio) (Doc. No. 1-1.)  The United States, Department of the Army responded via letter dated December 7, 2023, advising (in relevant part) that "Department of Defense and Army regulations govern the disclosure of official Ohio National Guard information." (Doc. No. 1-2.)  The United States indicated that Plaintiff's subpoena "does not comply with the relevant regulations" and "the Ohio National Guard cannot evaluate your request or honor your subpoena at this time."  (*Id.*)  Plaintiff thereafter

filed a Motion to Compel in the state court action. *See* Case No. 1:24cv471 (N.D. Ohio) (Doc. No. 3.)  On March 11, 2024, the state court granted Plaintiff's Motion in part, and ordered the ONG to produce the requested records "or inform the Court the specific factors under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and cited Army regulations that prevent disclosure of the records."  (*Id*.)

Two days later, on March 13, 2024, the United States removed Plaintiff's state court case to the instant Court, where it was assigned to District Judge David Ruiz.  *See* Case No. 1:24cv471 (N.D. Ohio) (Doc. No. 1.)  The United States subsequently filed a Motion for Leave to Vacate the state court's Order regarding the ONG subpoena, which Plaintiff opposed.  (Doc. Nos. 11, 15.)  Plaintiff also filed a Motion to Remand the case, in its entirety, back to state court.  (Doc. No. 6.)

Shortly after the state court case was removed to federal court, Defendant Nye filed, in the instant action, a Motion to Consolidate the instant case (Case No. 1:23cv2011) with the case pending before Judge Ruiz (Case No. 1:24cv471).  (Doc. No. 53.)  Defendant Nye argues that "both matters arise out of the same incident" and contain "virtual[ly] identical legal claims," including Plaintiff's claims (in both the instant action and Case No. 1:24cv471) against the Guardsmen Defendants and Nye for civil conspiracy and for violations of Ohio Rev. Code § 2923.15 and § 2921.32.  (*Id*. at p. 2.) Defendant Nye asserted that "the consolidation of these lawsuits will permit the streamlining of discovery and will promote conservation of judicial resources by avoiding unnecessary duplicative processes including trial." (*Id*.) Defendant Allen subsequently joined in Defendant Nye's Motion, also arguing that "both cases contain identical claims against Ms. Nye, Mr. Allen, and the other

members of Allen's Ohio National Guard unit that are based upon identical sets of alleged facts." [2] (Doc. No. 60.) Plaintiff filed a Brief in Opposition on March 20, 2024. (Doc. No. 58.)

Subsequently, in Judge Ruiz's case, Defendant Greene filed a Motion to Sever the dispute over Plaintiff's subpoena to non-party ONG from "the Plaintiff's core claims against the Defendants, and to remand the core claims against Defendants so they may proceed in the State court from which this action was removed." (Doc. No. 21.) On May 29, 2024, the United States filed a response indicating that it did not oppose Defendant Greene's Motion. (Doc. No. 22.)

On June 12, 2024, Judge Ruiz issued an Order granting Defendant Greene's Motion, finding that removal was proper "only as to the Plaintiff's discovery requests to ONG and the state issued subpoena." Case No. 1:24cv471 (Doc. No. 24 at p. 4.) Judge Ruiz concluded that:

> The issue of whether the subpoena issued by the state court is enforceable against the ONG is severed from the core of this action and remains before this Court. Further consideration of the subpoena before the Cuyahoga County Common Pleas Court remains stayed until further Order of this Court. In all other respects, the principal case is REMANDED forthwith to the Cuyahoga County Court of Common Pleas.

(*Id*.) In that same Order, Judge Ruiz granted Plaintiff's Motion to Remand "to the extent it seeks to sever the subpoena issue and remand the core of the case to state court." (*Id*. at fn 2.)

On June 13, 2024, Plaintiff and the ONG filed a Joint Status Report in Judge Ruiz's case, indicating that the ONG had agreed to turn over a redacted version of a certain report ("the Jacobs Report"), which is one of the issues subject to Plaintiff's subpoena. *See* Case No. 1:24cv471 (Doc. No. 26.) Plaintiff and the ONG further indicated that, following Plaintiff's review of the Jacobs

---

[2] Defendant Allen noted that, at the time of removal, Defendants Allen, Meade, Van Liere, and Haas had each filed Motions to Dismiss in the state court action. *See* Case No. 1:24cv471 (N.D. Ohio) (Doc. No. 3.) Defendant Allen further noted that, at the time of removal, Defendants Allen, Van Liere, and Haas had each filed similar motions in the instant action, seeking dismissal of Plaintiff's state law claims against them. *See* Case No. 1:23cv2011 (Doc. Nos. 55, 57, 64, 70.)

5

Report, Plaintiffs requested that the ONG produce certain exhibits to that Report. (*Id.*) According to a Status Report filed on July 8, 2024, the ONG authorized the release of certain exhibits to Plaintiff's counsel on July 5, 2024. *See* Case No. 1:24cv471 (Doc. No. 28.) Plaintiff and the ONG requested until July 22, 2024 for Plaintiff "to review the additional documents and confer with the ONG regarding any potential issues, at which point the Parties will further update the Court as to their progress." (*Id.*)

**II.     Analysis**

Under Fed. R. Civ. P. 42(a)(2), a court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(1). *See also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Once the threshold requirement of establishing a common question of law or fact is met, the decision to consolidate rests in the sound discretion of the district court. *Gamboa v. Ford Motor Co.*, 381 F.Supp.3d 853, 866 (E.D. Mich. 2019). In determining whether to grant consolidation, courts weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011).

For the following reasons, the Court declines, in the exercise of its discretion, to consolidate the instant action with Case No. 1:24cv471. When Defendant Nye filed her Motion to Consolidate, the entirety of Plaintiff's state court case had been removed to this Court and was pending before Judge Ruiz, including Plaintiff's duplicative state law claims against the Guardsmen Defendants and Nye for violations of Ohio Rev. Code § 2923.15 (using weapons while intoxicated) and § 2921.32 (obstructing justice), and for civil conspiracy. Thus, at the time Defendants Nye and Allen urged this Court to consolidate the two actions, there were arguably common questions of law and fact between the two cases. Since the filing of the Motion to Consolidate, however, Judge Ruiz has severed

Plaintiff's state law claims (including her duplicative claims for violations of Ohio Rev. Code §§ 2923.15 and 2921.32 and civil conspiracy) and remanded them to the state court. The underlying basis for Defendants Nye's Motion is, therefore, now moot. While there may be some factual and legal overlap between the instant case and issues pertaining to the ONG subpoena in Case No. 1:24cv471, neither Plaintiff nor the ONG Defendants herein have requested consolidation. Indeed, Plaintiff has expressly requested that the Court *not* consolidate the two actions. Moreover, the record reflects that Plaintiff and the United States have made significant progress in resolving their dispute regarding Plaintiff's subpoena in Case No. 1:24cv471.

Accordingly, and for all the reasons set forth above, the Court declines to consolidate the instant case and Case No. 1:24cv471.

### III. Conclusion

For the reasons set forth herein, Defendant Nye's Motion to Consolidate (Doc. No. 53) is DENIED.

**IT IS SO ORDERED.**

Dated: July 11, 2024          *s/Pamela A. Barker*
                                            PAMELA A. BARKER
                                            UNITED STATES DISTRICT JUDGE