IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Lisa Garrett,** <br> **Individually and as** <br> **Administrator of the Estate** <br> **Of Nathan Alexander Garrett** <br> <br> **Plaintiff,** <br> -vs- <br> <br> **Morgan County Sheriff's Office,** <br> **et al.,** <br> <br> **Defendants.** | **Case No. 1:23CV2011** <br> <br> **JUDGE PAMELA A. BARKER** <br> <br> <br> **MEMORANDUM OPINION & ORDER** |

Currently pending is the Motion to Schedule Status Conference and Lift Stay (Doc. No. 127) filed by Plaintiff Lisa Garrett, Individually and as Administrator of the Estate of Nathan Alexander Garrett, on June 10, 2025. No opposition was filed. For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART, as set forth herein.

**I.     Relevant Procedural Background**

On October 13, 2023, Plaintiff filed a Complaint in this Court against the following defendants: (1) the Morgan County Sheriff's Office; (2) the Morgan County Board of County Commissioners; (3) Morgan County Sheriff Douglas J. McGrath; (4) Morgan County Deputy Alex Mayle; (5) Morgan County Deputy Thomas Jenkins, Jr.; (6) the Ohio National Guard (hereinafter "ONG") c/o Major General John C. Harris, Jr.; (7) ONG First Sergeant Jack Gillum; (8) ONG Captain Angela Wilker; (9) ONG Commanding Officer Lawrence Bogan; (10) Cruz D. Allen; (11) Trance M. Van Liere; (12) Thomas Develin; (13) James R. Meade; (14) Christopher Leach; (15) Jordan C. Haas; (16) Brenna M. Nye; and (17) John Does Nos. 1 through 3. (Doc. No. 1.) In her Complaint, Plaintiff

alleged various state and federal claims arising out of the shooting and resulting death of Nathan Alexander Garrett on October 20, 2021.

The Morgan County Defendants filed a Motion to Dismiss in January 2024. (Doc. No. 18.) On March 5, 2024, Plaintiff filed a Motion for Leave to Amend Complaint, which was granted the same day. (Doc. No. 44.) The Amended Complaint names the same Defendants as in the original Complaint, and asserts the following ten (10) state and federal claims:

(1) Denial of Access under 42 U.S.C. § 1983 against the ONG, Sergeant Gillum, Captain Wilker, and Commander Officer Bogan (hereinafter "the ONG Defendants") (Count One); and the Morgan County Defendants (Count Three);

(2) Violation of Ohio Rev. Code § 2921.32 (Obstructing Justice) against the ONG Defendants (Count Two); the Morgan County Defendants (Count Four); and Defendants Allen, Van Liere, Develin, Meade, Leach, and Haas (hereinafter "the Guardsmen Defendants") and Defendant Nye (Count Six);

(3) Civil Conspiracy under 42 U.S.C. § 1983 against the ONG Defendants and the Morgan County Defendants (Count Five);

(4) Violation of Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated) against the ONG Defendants, the Guardsmen Defendants, and Nye (Count Seven);

(5) State Law Civil Conspiracy claim against all Defendants (Count Eight);

(6) Freedom of Information Act Violation against the ONG Defendants (Count Nine); and

(7) Negligent Retention against the ONG Defendants (Count Ten).

(Doc. No. 44.) In light of the filing of the Amended Complaint, the Court denied all pending Motions to Dismiss as moot.

Meanwhile, on the same date that she filed her original Complaint in the instant action, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas against (1) Defendants Allen, Van Liere, Develin, Meade, Leach, and Haas; (2) Brenna Nye; (3) Meade's grandmother, Betty

2

Jean Greene, and (4) John Does Nos. 1-4. *See Garrett v Allen, et al*., Cuyahoga County Court of Common Pleas Case No. CV 23-986997. Plaintiff's state Complaint also arises out of the shooting death of Nathan Garrett, and alleges the following five state law claims: (1) Premises Liability (Count One); (2) Violation of Ohio Rev. Code § 2923.15 (using weapons while intoxicated) (Count Two); (3) Negligent Handling/Use/Furnishing of a Handgun (Count Three); (4) Violation of Ohio Rev. Code § 2921.32 (obstructing justice) (Count Four); and (5) Civil Conspiracy (Count Five). (*Id*.) Neither the Morgan County Defendants nor the Ohio National Guard ("ONG") Defendants are named as defendants in Plaintiff's State Court Complaint. (Doc. No. 53.)

After the filing of the Amended Complaint, the Morgan County Defendants and Defendants Van Liere, Allen, and Haas filed separate Motions to Dismiss and/or Motions for Judgment on the Pleadings (Doc. Nos. 54, 55, 57, 64, 70), which Plaintiff opposed (Doc. Nos. 76, 77, 78, 84).

The Court issued a Memorandum Opinion & Order on the Motions on August 9, 2024. (Doc. No. 100.) Therein, the Court dismissed all of Plaintiff's claims against the Morgan County Sheriff's Office ("MCSO") on the grounds that it is not *sui juris* as a matter of law. (*Id*. at p. 17.) The Court then determined that Defendants McGrath, Mayle and Jenkins were entitled to qualified immunity with respect to Plaintiff's individual capacity claims under 42 U.S.C. § 1983 for denial of access to the courts (Count Three) and civil conspiracy (Count Five). (*Id*. at pp. 17-40.) The Court next dismissed Plaintiff's official capacity § 1983 claims against the Morgan County Board of Commissioners and Defendants McGrath, Jenkins and Mayle under Counts Three and Five. (*Id*. at pp. 40-42.) Thus, the Court dismissed all of Plaintiff's federal claims against the Morgan County Defendants.

Regarding Plaintiff's state law claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Van Liere, Allen, Haas Develin, Meade, Leach, and Nye.  (*Id*. at pp. 45-50.)  The Court noted that, in her State Court Action, Plaintiff asserts civil claims against Van Liere, Allen, Haas, Develin, Meade, Leach, and Nye that are identical to the claims asserted against these same Defendants in the instant action, i.e., claims for (1) Violation of Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated); (2) Violation of Ohio Rev. Code § 2921.32 (Obstruction of Justice); and (3) Civil Conspiracy.  (*Id*.)  The Court also noted that Van Liere, Allen, Haas, Develin, and Meade had each filed Motions in the State Court Action, in which they argued (as they did in the instant case) that Plaintiff's state law claims should be dismissed as time-barred under Ohio Rev. Code § 2307.60.  (*Id*.)  In those motions, Van Liere, Allen, Haas, Develin, and Meade argued that the Eighth District Court of Appeals of Ohio had expressly held that claims brought pursuant to § 2307.60 are subject to a one-year statute of limitations.  Plaintiff opposed Defendants' state court motions to dismiss, arguing (as she does here) that "the landscape … has changed dramatically" and that several state and federal courts have recently determined that § 2307.60 is remedial in nature and, therefore, subject to a six year statute of limitations.  Plaintiff also argued that any applicable statute of limitations should be tolled by the discovery rule.

This Court found that "interests of comity, fairness, and judicial economy are not served by having state and federal trial courts contemporaneously issue rulings on the same issue as to the same claims against the same parties arising out of the same incident."  (*Id*.)  Having so found, the Court further decided, in the exercise of its discretion, that it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Meade, Leach, and Nye for Obstruction of Justice, Using Weapons While Intoxicated, and Civil Conspiracy herein because

these same claims are currently pending against Defendants Meade, Leach, and Nye in the State Court Action, where the parties will have a full and fair opportunity to litigate them. (*Id*. at p. 51.)  The Court commented that it "can think of no reason why it should exercise supplemental jurisdiction over these claims as against Defendants Meade, Leach, and Nye, when it has declined to do so with respect to Defendants Van Liere, Allen, Haas and Develin." (*Id*. at pp. 47-51.)  Thus, the Court dismissed Van Liere, Allen, Haas, Develin, Meade, Leach, and Nye from the instant action. (*Id*.)

The Morgan County Defendants also sought dismissal of Plaintiff's Obstruction of Justice claim (Count Four) on the grounds that it is time-barred. (*Id*. at p. 51.)  The Court denied the Morgan County Defendants' Motion without prejudice with respect to this claim, as follows:

> The statute of limitations issue raised herein by the Morgan County Defendants is the same issue that is currently pending before the state court in the context of the motions to dismiss filed by Van Liere, Allen, Meade, Haas, and Develin in the State Court Action. As discussed at length above, this Court has declined supplemental jurisdiction over Plaintiff's state law claims against the Guardsmen Defendants and Defendant Nye herein, out of concerns for comity, judicial economy, and fairness, and the potential for conflicting rulings on this very issue. As also noted *supra*, Plaintiff has failed to adequately address the Court's comity and fairness concerns in her briefing to date.
>
> In light of the above, the Court declines to address the Morgan County Defendants' request for dismissal of Plaintiff's Obstruction of Justice claim (Count Four) at this time.  Rather, the Court will STAY the instant action with respect to Plaintiff's state law claims against the Morgan County Defendants until such time as the state court issues a ruling on the statute of limitations issues raised in the motions to dismiss filed by defendants Van Liere, Allen, Haas, Develin, and Meade in the State Court Action. Plaintiff is directed to promptly notify this Court of any state court ruling on these defendants' motions, i.e., by no later than ten (10) days after such a ruling. At that time, this Court will conduct a status conference, at which time it will lift the stay and order supplemental briefing from the Morgan County Defendants and Plaintiff regarding the impact, if any, of the state court's ruling on this Court's decision on the statute of limitations issue herein.

(*Id*. at p. 53.)  Lastly, the Court stayed Plaintiff's state law civil conspiracy claim (Count Eight) against the Morgan County Defendants, on the grounds that it is derivative of Plaintiff's obstruction of justice claim (Count Four).  (*Id*. at p. 54.)

On January 27, 2025, the state trial court issued a Judgment Entry, denying the motions to dismiss filed in the State Action by Defendants Develin, Van Liere, Meade, Haas, and Allen.  (Doc. No. 119 at PageID# 1108-1109.)  The state trial court declined to address the merits of Defendants' statute of limitations arguments, finding that "Ohio law does not generally permit under the facts or the law adjudication of statute of limitations claims under Rule 12(B)(6) given their fact-heavy nature."  (*Id*.)  Plaintiff filed a "Notice" advising this Court of the state court's Judgment Entry, on January 31, 2025.

On June 10, 2025, Plaintiff filed the instant Motion to Schedule Status Conference and Lift Stay.  (Doc. No. 127.)   No opposition was filed.

**II.     Analysis**

    **A.     Supplemental Jurisdiction**

In their Motion to Dismiss, the Morgan County Defendants did not argue that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims for obstruction of justice and civil conspiracy.  (Doc. No. 54.)  Thus, and because the Morgan County are not named as defendants in the State Court Action, this Court did not evaluate the issue of whether it would be appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims against these Defendants. The Court did, however, recognize the potential for conflicting rulings and, for that reason, decided to stay Counts Four and Eight in order to provide the state court with the opportunity

to rule on the merits of whether a one or six year limitations period applies to claims brought pursuant to § 2307.60.

As noted above, the state court recently denied Defendants Develin, Van Liere, Meade, Haas, and Allen's Motions to Dismiss but did not reach the merits of the legal issue of whether a one or six year limitations period applies. Instead, the state court determined that the statute of limitation issue was not appropriately decided at the Rule 12(b)(6) stage given its "fact heavy nature" and directed the parties to proceed with discovery.[1] And, as the fact discovery cut off in the State Action is currently set for July 2026, it may be quite some time before the state court reaches the merits of the legal issue of whether a one or six year limitations period applies to Plaintiff's § 2307.60 claims against Defendants Develin, Van Liere, Meade, Haas, and Allen.

Given this posture, the Court has renewed concerns regarding whether it would be appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants. Although the Morgan County Defendants are not parties to the State Court Action, the claims against them in this action arise out of the same incident that is the subject of the State Court Action. It would be anomalous for defendants in lawsuits arising out of the same incident to be potentially subject to different statutes of limitations depending on whether they were sued in state or federal court. Under these circumstances, the Court has serious concerns that the interests of comity, judicial economy, and fairness would not be served by having this Court exercise supplemental jurisdiction over Counts Four and Eight.

---

[1] After issuing its ruling on the Defendants' Motions to Dismiss, the state court conducted a Case Management Conference on April 16, 2025 during which it set various case management deadlines, including an initial disclosure deadline of June 15, 2025; plaintiff liability expert deadline of October 1, 2025; defendant liability expert deadline of December 1, 2025; dispositive motion deadline of January 16, 2026; and a discovery cutoff of July 15, 2026.

7

Before making a final decision, however, the Court will allow the parties to file supplemental briefing on the issue of whether it should exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants.  The parties shall submit simultaneous supplemental briefs addressing this issue by no later than July 21, 2025.  Simultaneous reply briefs shall be filed by no later than July 28, 2025.

### B.   Political Subdivision Immunity

In the event the Court decides to exercise supplemental jurisdiction over Counts Four and Eight, the Court notes that the Morgan County Defendants moved for dismissal of the official capacity claims in Count Eight (civil conspiracy) on the basis of political subdivision immunity pursuant to Ohio Rev. Code § 2744.02.  (Doc. No. 54 at PageID#s 438-439.)  The Morgan County Defendants did not, however, argue that they are entitled to dismissal of Count Four (obstruction of justice) on the basis of political subdivision immunity under either Ohio Rev. Code §§ 2744.02 or 2744.03.

The Court directs the parties to submit supplemental briefing on the issue of whether the Morgan County Defendants are entitled to dismissal of Count Four on the basis of political subdivision immunity under either Ohio Rev. Code §§ 2744.02 and/or 2744.03.  The parties shall submit simultaneous supplemental briefs on this issue by no later than July 21, 2025.  Simultaneous reply briefs shall be filed by no later than July 28, 2025.

## III.   Conclusion

Accordingly, and for all the reasons set forth above, Plaintiff's Motion to Schedule Status Conference and Lift Stay (Doc. No. 127) is GRANTED IN PART and DENIED IN PART, as follows.  Plaintiff's request to schedule a status conference is denied.  Plaintiff's request to lift the stay of Plaintiff's state law claims (Counts Four and Eight) against the Morgan County Defendants is granted

and the stay with respect to these claims is hereby lifted.  Lastly, the Court orders that, by no later than July 21, 2025, the parties shall submit supplemental briefing regarding the issues of supplemental jurisdiction and political subdivision immunity as set forth above.  The parties' supplemental briefing shall be no greater than ten (10) pages in length.  Simultaneous reply briefs (no greater than five (5) pages in length) shall be filed by no later than July 28, 2025.

      **IT IS SO ORDERED.**

Dated:  July 7, 2025                               *s/Pamela A. Barker*
                                                     PAMELA A. BARKER
                                                     UNITED STATES DISTRICT JUDGE