**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Lisa Garrett,** | **Case No.   1:23CV2011** |
| **Individually and as** | |
| **Administrator of the Estate** | |
| **Of Nathan Alexander Garrett** | **JUDGE PAMELA A. BARKER** |
| | |
| **Plaintiff,** | |
| **-vs-** | |
| | **MEMORANDUM OPINION & ORDER** |
| | |
| **Morgan County Sheriff's Office,** | |
| **et al.,** | |
| | |
| **Defendants.** | |

On July 7, 2025, this Court issued an Order directing Plaintiff Lisa Garrett, Individually and as Administrator of the Estate of Nathan Alexander Garrett (hereinafter "Plaintiff") and Defendants Morgan County Board of County Commissioners, Morgan County Sheriff Douglas McGrath, and Morgan County Deputies Alex Mayle and Thomas Jenkins, Jr. (hereinafter referred to collectively as "the Morgan County Defendants") to submit Supplemental Briefing regarding the issues of supplemental jurisdiction and political subdivision immunity.  (Doc. No. 131.)

Plaintiff and the Morgan County Defendants submitted their initial Supplemental Briefs on July 21, 2025 (Doc. Nos. 132, 133), followed by their Response Briefs on July 28, 2025 (Doc. Nos. 135, 136.)   For the following reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants for Obstruction of Justice (Count Four) and Civil Conspiracy (Count Eight).  Accordingly, Counts Four and Eight are hereby dismissed without prejudice.

**I.      Relevant Procedural Background**

### A.    The Pleadings

On October 13, 2023, Plaintiff filed a Complaint in this Court against the following defendants: (1) the Morgan County Sheriff's Office; (2) the Morgan County Board of County Commissioners; (3) Morgan County Sheriff Douglas J. McGrath; (4) Morgan County Deputy Alex Mayle; (5) Morgan County Deputy Thomas Jenkins, Jr.; (6) the Ohio National Guard (hereinafter "ONG") c/o Major General John C. Harris, Jr.; (7) ONG First Sergeant Jack Gillum; (8) ONG Captain Angela Wilker; (9) ONG Commanding Officer Lawrence Bogan; (10) Cruz D. Allen; (11) Trance M. Van Liere; (12) Thomas Develin; (13) James R. Meade; (14) Christopher Leach; (15) Jordan C. Haas; (16) Brenna M. Nye; and (17) John Does Nos. 1 through 3.  (Doc. No. 1.)  In her Complaint, Plaintiff alleged various state and federal claims arising out of the shooting and resulting death of Nathan Alexander Garrett on October 20, 2021.

The Morgan County Defendants filed a Motion to Dismiss in January 2024.  (Doc. No. 18.) On March 6, 2024, Plaintiff filed a Motion for Leave to Amend Complaint, which was granted the same day.  (Doc. No. 44.)  The Amended Complaint names the same Defendants as in the original Complaint, and asserts the following ten (10) state and federal claims:

(1)    Denial of Access under 42 U.S.C. § 1983 against the ONG, Sergeant Gillum, Captain Wilker, and Commander Officer Bogan (hereinafter "the ONG Defendants") (Count One); and the Morgan County Defendants (Count Three);

(2)    Violation of Ohio Rev. Code § 2921.32 (Obstructing Justice) against the ONG Defendants (Count Two); the Morgan County Defendants (Count Four); and Defendants Allen, Van Liere, Develin, Meade, Leach, and Haas (hereinafter "the Guardsmen Defendants") and Defendant Nye (Count Six);

(3)    Civil Conspiracy under 42 U.S.C. § 1983 against the ONG Defendants and the Morgan County Defendants (Count Five);

2

      (4)      Violation of Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated) against the ONG Defendants, the Guardsmen Defendants, and Nye (Count Seven);

      (5)      State Law Civil Conspiracy claim against all Defendants (Count Eight);

      (6)      Freedom of Information Act Violation against the ONG Defendants (Count Nine); and

      (7)      Negligent Retention against the ONG Defendants (Count Ten).

(*Id.*)  In light of the filing of the Amended Complaint, the Court denied all pending Motions to Dismiss as moot.

**B.**      **The State Court Action**

Meanwhile, on the same date that she filed her original Complaint in the instant action, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas against (1) Allen, Van Liere, Develin, Meade, Leach, and Haas; (2) Brenna Nye; (3) Meade's grandmother, Betty Jean Greene, and (4) John Does Nos. 1-4.  *See Garrett v Allen, et al.*, Cuyahoga County Court of Common Pleas Case No. CV 23-986997.  Plaintiff's state court Complaint also arises out of the shooting death of Nathan Garrett, and alleges the following five (5) state law claims: (1) Premises Liability (Count One); (2) Violation of Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated) (Count Two); (3) Negligent Handling/Use/Furnishing of a Handgun (Count Three); (4) Violation of Ohio Rev. Code § 2921.32 (Obstruction of Justice) (Count Four); and (5) Civil Conspiracy (Count Five).  (*Id.*)  Neither the Morgan County Defendants nor the Ohio National Guard ("ONG") Defendants are named as defendants in Plaintiff's State Court Complaint.[1]

---

[1] On March 5, 2024, Defendant Nye filed a Motion to Consolidate the instant case with *Garrett v. Allen, et al.*, Case No. 1:24cv00471 (N.D. Ohio) (Ruiz, J.), which had been removed to this Court by the United States from the Cuyahoga County Court of Common Pleas.  (Doc. No. 53.)  Plaintiff filed a Brief in Opposition to the Motion to Consolidate on March 20, 2024.  (Doc. No. 58.)  The docket reflects that Judge Ruiz severed Plaintiff's state law claims and remanded

C.    **The Court dismisses the Guardsmen Defendants, and dismisses Plaintiff's federal claims and stays Plaintiff's state law claims against the Morgan County Defendants**

After the filing of the Amended Complaint in the instant case, the Morgan County Defendants and Van Liere, Allen, and Haas filed separate Motions to Dismiss and/or Motions for Judgment on the Pleadings (Doc. Nos. 54, 55, 57, 64, 70), which Plaintiff opposed (Doc. Nos. 76, 77, 78, 84).

The Court issued a Memorandum Opinion & Order on the pending Motions on August 9, 2024. (Doc. No. 100.)  Therein, the Court first dismissed all of Plaintiff's claims against the Morgan County Sheriff's Office ("MCSO") on the grounds that it is not *sui juris* as a matter of law.  (*Id*. at p. 17.)  The Court then determined that McGrath, Mayle, and Jenkins were entitled to qualified immunity with respect to Plaintiff's individual capacity claims under 42 U.S.C. § 1983 for denial of access to the courts (Count Three) and civil conspiracy (Count Five).  (*Id*. at pp. 17-40.)  The Court next dismissed Plaintiff's official capacity § 1983 claims against the Morgan County Board of Commissioners and McGrath, Jenkins and Mayle under Counts Three and Five.  (*Id*. at pp. 40-42.)  Thus, the Court dismissed all of Plaintiff's federal claims against the Morgan County Defendants.

Regarding Plaintiff's state law claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Van Liere, Allen, Haas Develin, Meade, Leach, and Nye.  (*Id*. at pp. 45-50.)  The Court noted that, in her State Court Action, Plaintiff asserts civil claims against Van Liere, Allen, Haas, Develin, Meade, Leach, and Nye that are identical to the claims asserted against these same Defendants in the instant action, i.e., claims for (1) Violation of

them to state court, retaining jurisdiction over only a subpoena that had been issued by the state court to the Ohio National Guard ("ONG").  *See* Case No. 1:24cv00471 (Doc. No. 24.) The undersigned denied Nye's Motion to Consolidate on July 11, 2024.  (Doc. No. 98.)  On January 28, 2025, after conducting several status conferences with the parties, Judge Ruiz dismissed Case No. 1:24cv00471.

4

Ohio Rev. Code § 2923.15 (Using Weapons While Intoxicated); (2) Violation of Ohio Rev. Code §

2921.32 (Obstruction of Justice); and (3) Civil Conspiracy.  (*Id.*)  The Court also noted that Van

Liere, Allen, Haas, Develin, and Meade had each filed Motions in the State Court Action, in which

they argued (as they did in the instant case) that Plaintiff's state law claims should be dismissed as

time-barred under Ohio Rev. Code § 2307.60.  (*Id.*)  In those motions, Van Liere, Allen, Haas,

Develin, and Meade argued that the Eighth District Court of Appeals of Ohio had expressly held that

claims brought pursuant to § 2307.60 are subject to a one-year statute of limitations.  Plaintiff opposed

Defendants' state court motions to dismiss, arguing (as she does here) that "the landscape … has

changed dramatically" and that several state and federal courts have recently determined that §

2307.60 is remedial in nature and, therefore, subject to a six-year statute of limitations.  Plaintiff also

argued that any applicable statute of limitations should be tolled by the discovery rule.

In its August 2024 Opinion, this Court found that "interests of comity, fairness, and judicial

economy are not served by having state and federal trial courts contemporaneously issue rulings on

the same issue as to the same claims against the same parties arising out of the same incident."  (*Id.*)

Having so found, the Court further decided, in the exercise of its discretion, that it would not be

appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims against Meade,

Leach, and Nye for Obstruction of Justice, Using Weapons While Intoxicated, and Civil Conspiracy

herein because these same claims are currently pending against Meade, Leach, and Nye in the State

Court Action.  (*Id.* at p. 51.)  The Court commented that it "can think of no reason why it should

exercise supplemental jurisdiction over these claims as against Defendants Meade, Leach, and Nye,

when it has declined to do so with respect to Defendants Van Liere, Allen, Haas and Develin."  (*Id.*

at pp. 47-51.)  Thus, the Court dismissed the Guardsmen Defendants (i.e., Van Liere, Allen, Haas, Develin, Meade, Leach) and Defendant Nye from the instant action.  (*Id*.)

The Morgan County Defendants also sought dismissal of Plaintiff's Obstruction of Justice claim (Count Four) on the grounds that it is time-barred.  (*Id*. at p. 51.)  The Court denied the Morgan County Defendants' Motion without prejudice with respect to this claim, as follows:

> The statute of limitations issue raised herein by the Morgan County Defendants is the same issue that is currently pending before the state court in the context of the motions to dismiss filed by Van Liere, Allen, Meade, Haas, and Develin in the State Court Action. As discussed at length above, this Court has declined supplemental jurisdiction over Plaintiff's state law claims against the Guardsmen Defendants and Defendant Nye herein, out of concerns for comity, judicial economy, and fairness, and the potential for conflicting rulings on this very issue. As also noted *supra*, Plaintiff has failed to adequately address the Court's comity and fairness concerns in her briefing to date.
>
> In light of the above, the Court declines to address the Morgan County Defendants' request for dismissal of Plaintiff's Obstruction of Justice claim (Count Four) at this time.  Rather, the Court will STAY the instant action with respect to Plaintiff's state law claims against the Morgan County Defendants until such time as the state court issues a ruling on the statute of limitations issues raised in the motions to dismiss filed by defendants Van Liere, Allen, Haas, Develin, and Meade in the State Court Action. Plaintiff is directed to promptly notify this Court of any state court ruling on these defendants' motions, i.e., by no later than ten (10) days after such a ruling. At that time, this Court will conduct a status conference, at which time it will lift the stay and order supplemental briefing from the Morgan County Defendants and Plaintiff regarding the impact, if any, of the state court's ruling on this Court's decision on the statute of limitations issue herein.

(*Id*. at p. 53.)  Lastly, the Court stayed Plaintiff's state law Civil Conspiracy claim (Count Eight) against the Morgan County Defendants, on the grounds that it is derivative of Plaintiff's Obstruction of Justice claim (Count Four).  (*Id*. at p. 54.)

> **D.** **The Court Lifts the Stay of Plaintiff's State Law claims against the Morgan County Defendants and Orders Supplemental Briefing**

6

On January 27, 2025, the state trial court issued a Judgment Entry, denying the motions to dismiss filed in the State Action by Develin, Van Liere, Meade, Haas, and Allen.  (Doc. No. 119 at PageID# 1108-1109.)  The state trial court declined to address the merits of these Defendants' statute of limitations arguments, finding that "Ohio law does not generally permit under the facts or the law adjudication of statute of limitations claims under Rule 12(B)(6) given their fact-heavy nature."  (*Id*.)  Plaintiff filed a Notice advising this Court of the state court's Judgment Entry, on January 31, 2025.

On June 10, 2025, Plaintiff filed a Motion to Schedule Status Conference and Lift Stay.  (Doc. No. 127.)   On July 7, 2025, this Court issued an Order lifting the stay and directing the parties to submit Supplemental Briefing regarding the issues of supplemental jurisdiction and political subdivision immunity with respect to Plaintiff's state law claims against the Morgan County Defendants.   (Doc. No. 131.)  The Court explained (in relevant part) that "[a]lthough the Morgan County Defendants are not parties to the State Court Action, the claims against them in this action arise out of the same incident that is the subject of the State Court Action."  (*Id*. at PageID# 1251.)  The Court expressed concern regarding exercising supplemental jurisdiction over Plaintiff's state law claims, observing that "[i]t would be anomalous for defendants in lawsuits arising out of the same incident to be potentially subject to different statutes of limitations depending on whether they were sued in state or federal court."  (*Id*.)   Accordingly, the Court ordered the parties to submit simultaneous Supplemental Briefs regarding (1) whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants; and (2) if it did, whether the Morgan County Defendants are entitled to dismissal of Plaintiff's Obstruction of Justice claim on the basis of political subdivision immunity.  (*Id*. at PageID# 1252.)

7

Plaintiff and the Morgan County Defendants filed their opening Supplemental Briefs on July 21, 2025 and their Response Briefs on July 28, 2025.  (Doc. Nos. 132, 133, 135, 136.)

**E.      The Court dismisses Plaintiff's § 1983 claims and state law claims against the ONG Defendants, leaving only Plaintiff's FOIA claim (Count Nine) remaining against the ONG.**

Meanwhile, on November 22, 2024, the ONG Defendants filed Motions to Dismiss Plaintiff's federal and state claims under Fed. R. Civ. P. 12(b)(1) and (b)(6).  (Doc. Nos. 115, 116.)  Plaintiff opposed the Motions.  (Doc. No. 122.)

On July 25, 2025, this Court issued a Memorandum Opinion & Order granting the ONG Defendants' Motions to Dismiss Plaintiff's (1) § 1983 claims for Denial of Access and Civil Conspiracy (Counts One and Five); (2) FOIA claim (Count Nine) as against Wilker, Gillum, and Bogan in their individual capacities; and (3) state law claims for Obstruction of Justice, Using Weapons While Intoxicated, Civil Conspiracy, and Negligent Retention (Counts Two, Seven, Eight and Ten).  (Doc. No. 134.)

Regarding Plaintiff's FOIA claim against the ONG (Count Nine), the Court found that Plaintiff had waived any opposition to the ONG's arguments that (1) the ONG is a federal actor for purposes of Plaintiff's FOIA claim; and (2) Plaintiff has received all the information to which she is entitled under the FOIA.  (*Id*. at PageID# 1315.)  Thus, the Court concluded that the ONG is a federal actor for purposes of Count Nine and that Plaintiff's FOIA claim is moot to the extent she requests the production of certain documents relating to Nathan Garrett's death.  However, the Court agreed with Plaintiff that her FOIA claim was not subject to dismissal in light of her request for an award of attorney's fees and costs pursuant to 5 U.S.C. § 552.  The Court ordered Plaintiff to submit a Motion for Attorney's Fees and Costs (and any other monetary relief that she intended to seek in connection

with her FOIA claim) that is fully supported by appropriate documentation.  (*Id*. at PageID# 1316.)

Plaintiff's Motion for Attorney Fees is due by no later than August 25, 2025, and the ONG's Brief in

Opposition is due thirty (30) days thereafter.  (*Id*.)

Thus, as of the date of this Order, the sole federal claim remaining in this action is Plaintiff's

FOIA claim against the ONG -- but only as to the issue of whether and to what extent Plaintiff may

be entitled to penalties, attorney's fees, and costs under that statute.

## II.      Legal Standard regarding Supplemental Jurisdiction

It is undisputed that this Court has original jurisdiction over Plaintiff's FOIA claim.  If a court

has original jurisdiction over one claim in an action, the court can exercise supplemental jurisdiction

over all other claims that form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).  "Claims

form part of the same case or controversy when they 'derive from a common nucleus of operative

facts.'"  *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *Ahearn v. Charter Twp.

of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)).  "Operative facts are facts that are relevant to

the resolution of the claim."  *Vogel v. Ne. Ohio Media Grp. LLC*, 2017 WL 3157920 at *1 (N.D. Ohio

July 25, 2017).

However, the decision to exercise supplemental jurisdiction is committed to the district

court's discretion and is not mandatory.  *See Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir.

2010).  *See also Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental

jurisdiction is a doctrine of discretion, not of plaintiff's right.") (citations and internal quotations

omitted); *Filing v. Phipps*, 2008 WL 11380153 at *4 (N.D. Ohio Oct. 17, 2008).  "[E]ven if a district

court has supplemental jurisdiction under § 1367(a), § 1367(c) makes clear that it need not exercise

that jurisdiction in certain circumstances."  *Filing*, 2008 WL 11380153 at *4. *See also Musson*

*Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996). Specifically, §

1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition to looking to the existence of one or more of the four circumstances

enumerated in § 1367(c) to determine whether to exercise supplemental jurisdiction, courts should

treat state law claims "in the manner that best serves the principles of [judicial] economy,

convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *Carnegie-*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). *See also Gamel,* 625 F.3d at 951 ("In determining

whether to retain jurisdiction over state-law claims, a district court should consider and weigh several

factors, including the 'values of judicial economy, convenience, fairness, and comity.'") (quoting

*Carnegie–Mellon Univ.*, 484 U.S. at 350). In weighing these factors, "a district court has broad

discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie Cty.*

*Sheriff's Dep't*, 603 Fed. Appx 414, 424 (6th Cir. 2015).

**III. Analysis**

In her opening Supplemental Briefing, Plaintiff argues that this Court should exercise

supplemental jurisdiction over her Obstruction of Justice and Civil Conspiracy claims against the

Morgan County Defendants. (Doc. No. 132.) Plaintiff first asserts that her "state law claims against

10

Case: 1:23-cv-02011-PAB  Doc #: 137  Filed: 08/14/25  11 of 19.  PageID #: 1358


the Morgan County Defendants are completely intertwined with [her] claims against the ONG Defendants," noting that her "state law civil conspiracy claim is for actions that the Morgan County Defendants took not only in conjunction with one another, but also with the ONG Defendants." (*Id.* at PageID# 1259.)  Plaintiff next argues that considerations of judicial economy and fairness weigh in favor of exercising supplemental jurisdiction over her state law claims because "this case is rapidly approaching the two (2) year mark on this Court's docket" and "declining supplemental jurisdiction at this point would force Plaintiff to start over anew in state court that involves a highly complex fact pattern that this Court is highly familiar with." (*Id*. at PageID#s 1259-1260.)  Lastly, Plaintiff argues that the considerations of comity do not weigh against exercising supplemental jurisdiction because the "overwhelming majority of courts, including this Court on multiple occasions, has recently held that six (6) years is the appropriate statute of limitations for a claim brought under Ohio Rev. Code 2307.60" and, therefore, the risk of conflicting rulings is "minimal." (*Id*. at PageID#s 1260-1261.)

In their opening Supplemental Brief, the Morgan County Defendants argue the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the risk of conflicting rulings on the proper statute of limitations is, in fact, significant. (Doc. No. 133.)  Indeed, the Morgan County Defendants note that two recent decisions from the Northern District of Ohio reach differing conclusions regarding whether a one- or six-year limitations period should apply to claims brought under Ohio Rev. Code § 2307.60.  (*Id*. at PageID# 1268) (comparing *Gaston v. Cuyahoga Community College*, 2025 WL 835073 at * 9-10 (N.D. Ohio March 17, 2025) (Ruiz, J.) (finding one-year limitations period applies) with *Garner v. Cleveland Clinic Foundation*, 735 F.Supp.3d 867, 886-887 (N.D. Ohio 2024) (Boyko, J.) (finding six-year limitations period applies)).

11

The Morgan County Defendants argue this Court should decline jurisdiction to allow the state court to interpret and apply the appropriate limitations period in the State Court Action.  (*Id.*)

The parties filed their Response Briefs after this Court issued its July 25, 2025 Memorandum Opinion & Order dismissing Plaintiff's § 1983 and state law claims against the ONG Defendants.  In their Response Brief, the Morgan County Defendants argue that Plaintiff's assertion that her conspiracy claims against the Morgan County Defendants are intertwined with her conspiracy claims against the ONG Defendants is now moot, in light of this Court's dismissal of Plaintiff's civil conspiracy claims against the ONG Defendants.   (Doc. No. 135.)  They further note that Plaintiff could have brought her state claims against them in the State Court Action but chose not to do so. (*Id*. at PageID# 1337.)  Lastly, the Morgan County Defendants argue that, although the instant case was filed in October 2023, there have been "numerous procedural issues" relating to service and the parties' various Motions to Dismiss and, in fact, "limited discovery has been conducted."  (*Id*. at PageID# 1338.)

In her Response Brief, Plaintiff argues that "judicial economy and fairness overwhelmingly favor this Court exercising supplemental jurisdiction over the state law claims against the Morgan County Defendants" because "[t]his is the only chance that Plaintiff has to seek relief for the wrongs committed by Defendants." (Doc. No. 136.)  Plaintiff maintains that "[n]o claims are pending against the Morgan County parties in any state court action and the statutes of limitations have all expired." (*Id.* at PageID# 1342.)  Plaintiff then insists that the "overwhelming majority" of federal and state

decisions have found a six year statute of limitations[2] and that therefore comity would not be offended by this Court exercising supplemental jurisdiction over her state law claims. (*Id.*)

For the following reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Obstruction of Justice (Count Four) and Civil Conspiracy (Count Eight) claims against the Morgan County Defendants.

The Court finds that Plaintiff's state law claims substantially predominate over the sole remaining federal claim in this action. As noted above, § 1367(c)(2) provides that a district court may decline to exercise supplemental jurisdiction over related state claims if "the claim[s] substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction," including in cases where state law predominates under § 1367(c)(2). *See Pinney Dock & Transp. Co. v. Penn Cent.* Corp., 196 F.3d 617, 620 (6th Cir. 1999) (internal quotation marks and citation omitted); *Ohio ex rel. Armstrong v. Stow-Munroe Falls CSD Bd. of Educ.*, 2013 WL 5406807 at * 2 (N.D. Ohio Sept. 25, 2013). "Although there appears to be no definitive test to determine whether state law predominates over federal claims, courts have considered such factors as whether they outnumber the federal law claims; whether the claims are distinct; and whether [the] state law claims involve proof that is not needed to establish the federal law claims." *Williamson v. Recovery Ltd. P'ship*, 2009 WL 649841 at *9 (S.D. Oh. March 11, 2009). *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (in determining whether state law claims substantially predominate over federal law claims, courts should compare state and federal

---

[2] The Court notes that this statement appears to contradict Plaintiff's assertion (in the same paragraph of her Response Brief) that "the statute of limitations have all expired."

claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought"); *Reed v. Pape Management Inc.*, 2016 WL 5405248 at * 4 (N.D. Ohio Sept. 28, 2016).

Here, the only federal claim remaining in this action is Plaintiff's FOIA claim against the ONG (Count Nine). And the only remaining issue relating to Plaintiff's FOIA claim is a fairly narrow one; i.e., whether and to what extent Plaintiff may be entitled to penalties, attorney's fees, and/or costs under that statute. Given this procedural posture (and as discussed in more detail below), the Court finds that Plaintiff's state law claims against the Morgan County Defendants substantially predominate because they are factually and legally distinct from, and broader in scope than, her request for penalties, attorney's fees and costs under the FOIA. S*ee, e.g., Ohio ex rel. Armstrong*, 2013 WL 5406807 at * 3 ("'Federal courts have not hesitated to dismiss or remand state causes of action under § 1367(c)(2) when the state claims would require elements of proof distinct from the federal claim and cause a substantial expansion of the suit beyond that necessary and relevant to the federal claim."); *Lautermilch v. RHBA Acquisitions, LLC*, 2021 WL 5206556 at * 10 (N.D. Ohio Nov. 9, 2021) (same).

Plaintiff's Obstruction of Justice and Civil Conspiracy claims would require broader and more expansive discovery than her sole remaining federal claim the FOIA. In all likelihood, Plaintiff's state law claims would require extensive written and deposition discovery regarding numerous factual issues, including (among other things) the actions taken (or not taken) by the Morgan County Defendants in the immediate aftermath of Nathan Garrett's death; any investigation (or lack thereof) undertaken by the Morgan County Defendants in the weeks and months after Nathan Garrett's death; any communications by and between the Morgan County Defendants regarding the circumstances surrounding Nathan Garrett's death; and the existence (or non-existence) of a common plan or design

14

to injure Plaintiff by the Morgan County Defendants.  None of these factual issues bear any relevance to whether Plaintiff is entitled to penalties, attorney's fees, and/or costs under the FOIA.  Indeed, the factual issues relating to Plaintiff's FOIA claim, if any, appear to be quite narrow in scope and subject to resolution based purely on Plaintiff's Motion for Attorney's Fees and related briefing and exhibits.

In addition, exercising supplemental jurisdiction over Plaintiff's state law claims would require this Court to delve into numerous, complicated state law issues that are simply not relevant or applicable to Plaintiff's potential entitlement to penalties, fees, and/or costs under the FOIA. Among other things, were it to exercise supplemental jurisdiction, this Court would be required to resolve the purely state law issue of whether Ohio Rev. Code § 2307.60 is primarily remedial or punitive in nature, since that will affect which Ohio statute provides the relevant statutes of limitations.  If the Court were to determine that a six-year limitations period applies under that statute (and/or that the discovery rule applies), the Court would then need to consider whether there is a genuine issue of material fact that the Morgan County Defendants' actions (or inactions) constituted Obstruction of Justice under Ohio Rev. Code § 2921.32.  Additionally, the Court would need to assess whether the Morgan County Defendants are entitled to statutory immunity under Ohio's Political Subdivision Tort Liability Act, which would also require a separate analysis as applied to Defendants McGrath, Mayle, and Jenkins as employees of a political subdivision and to Morgan County as a political subdivision itself.  Clearly, none of these legal issues overlap with the narrow issue of whether Plaintiff is entitled to penalties, attorney fees, and/or costs under the FOIA.

Accordingly, given the more expansive and varied nature of Plaintiff's state law claims against the Morgan County Defendants as compared to the narrow scope of Plaintiff's remaining

FOIA claim,[3] the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants under 28 U.S.C. § 1367(c)(2) because those claims substantially predominate over her sole remaining federal claim.

The Court further finds that issues of comity strongly support the decision to decline jurisdiction over Plaintiff's Obstruction of Justice claim against the Morgan County Defendants. As other courts have recognized, "[t]he interest in avoiding needless decisions on state-law issues as a matter of comity weighs heavily against supplemental jurisdiction." *Howell v. Buckeye Ranch, Inc.*, 2013 WL 1282518 at *8 (S.D. Ohio Mar. 27, 2013). *See also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 522 (6th Cir. 2007) (same). As discussed *supra,* there is currently a district split among the state courts as to whether a one- or six-year limitations period applies to claims brought pursuant to Ohio Rev. Code § 2307.60, and federal district courts have likewise reached varying conclusions on this issue. Such statutory interpretation is better left to state courts, especially given that there is disagreement among state and federal courts regarding this very issue. *See White v. City of Cleveland*, 2020 WL 7640932 at * 24 (N.D. Ohio Dec. 23, 2020) (citing considerations of comity, declining to exercise supplemental jurisdiction over issue of whether a one- or six-year limitations period applies to claims brought under Ohio Rev. Code § 2307.60).

---

[3] Additionally, the Court notes that Plaintiff's state law claims for Obstruction of Justice and Civil Conspiracy against the Morgan County Commissioner's Office and Defendants McGrath, Mayle, and Jenkins in both their official and individual capacities, outnumber her sole remaining federal claim against the ONG. *See, e.g., Dietrich v. Simon*, 2017 WL 5201919 at * 2 (6th Cir. May 17, 2017). While a simple "edge in numbers ... does not necessarily mean that the state law claims substantially predominate," *Detroit Edison Co.v. Michigan Dept. of Env'tal Quality*, 29 F.Supp.2d 786, 793 (E.D. Mich. 1998), the Court finds the disparity between the number of Plaintiff's state and federal claims (and the number of defendants to which Plaintiff's state vs. federal claims each apply) supports a finding of substantial predomination. *See also Lautermilch*, 2021 WL 5206556 at * 10; *Evans v. City of Ann Arbor*, 2022 WL 586753 at * 17 (E.D. Mich. Feb. 25, 2022).

Moreover, retaining jurisdiction under the circumstances herein would be particularly problematic where both this Court and the state court would be contemporaneously asked to determine the appropriate limitations period for Plaintiff's Obstruction of Justice claims.  Although the Morgan County Defendants are not parties to the State Court Action, the Court finds that it would be anomalous and inconsistent for different defendants to be subject to potentially different statutes of limitations with respect to the same claims arising out of the same incident.  *See, e.g., Armada Oil & Gas Co., Inc. v. Eppco, Inc.,* 2006 WL 950266 at * 2 (E.D. Mich. April 12, 2006) (declining to exercise supplemental jurisdiction, in part, due to a related state court proceeding that involved "some overlap or duplication of claims among the state law based counts between the two lawsuits.")  And, because Plaintiff's state law Civil Conspiracy claim in Count Eight is derivative of her Obstruction of Justice claim in Count Four, the Court finds that the interests of comity are best served by declining to exercise jurisdiction over Plaintiff's Civil Conspiracy claim as well.

Considerations regarding judicial economy, convenience, and fairness do not outweigh these concerns.  Specifically, the Court rejects Plaintiff's argument that judicial economy and fairness weigh in favor of exercising supplemental jurisdiction because this case has been pending in this Court for nearly two years.  It is true that the instant action has been pending for some time.  However, the progress of the case has been limited by the filing of the Amended Complaint and the need for this Court to resolve complicated disputes about the propriety of service of the ONG Defendants (Doc. Nos. 66, 69, 87, 90, 93, 97) and no less than seven (7) Motions to Dismiss filed respectively by the Guardsmen Defendants, the Morgan County Defendants, and the ONG Defendants (Doc. Nos. 54, 55, 57, 70, 91, 115, 116).  While the Court has devoted much attention to this case, the fact remains that no case management deadlines have been set, formal discovery has not yet begun, and

17

summary judgment motions have not been filed.  Thus, from a case progression standpoint, the instant action is still in its early stages.

Plaintiff also expresses concern that declining supplemental jurisdiction at this time would prejudice her because "this is the only chance that [she] has to seek relief for the wrongs committed by Defendants" since "no claims are pending against the Morgan County parties in any state court action and the statutes of limitation have all expired."  (Doc. No. 136 at PageID# 1342.)  The Court understands and appreciates Plaintiff's concerns.  However, Plaintiff fails to explain why she chose to file duplicative state law claims against the Guardsmen Defendants and Defendant Nye in both the instant action and the State Court Action, but failed to do the same with respect to her state law claims against the Morgan County Defendants.  Moreover, Plaintiff does not argue that she is precluded from either moving to amend her Complaint in the State Court Action to add her state law claims against the Morgan County Defendants,[4] or filing a new action against the Morgan County Defendants in state court.  And, if she is successful in amending her state court Complaint or files a new action and then faces a statute of limitations challenge from the Morgan County Defendants, she can certainly argue before the state court that a six-year statute of limitations applies to her Obstruction of Justice claim.[5]

---

[4] According to the docket sheet, the State Court action is also in a relatively early stage.  The State Court conducted a CMC on May 15, 2025, during which it set (1) liability expert deadlines of October 1, 2025 for Plaintiff and December 1, 2025 for Defendants: (2) a dispositive motion deadline of January 16, 2026; and (3) a discovery cut off of July 15, 2026.  *See Garrett v. Allen, et al.,* Cuyahoga County Court of Common Pleas Case No. CV 23-986997 (docket sheet).

[5] The Court notes that the Supreme Court and the Sixth Circuit have held that 28 U.S.C. § 1367(d)'s tolling provision pauses the clock on a state statute of limitations in federal court until at least 30 days after the state claim is dismissed under 28 U.S.C. § 1367(c).  *See Artis v. District of Columbia*, 583 U.S. 71, 91-92 (2018); *In re Vertrue Inc. Marketing & Sales Practice Litig.*, 719 F.3d 474, 481 (6th Cir. 2013).  *See also* 28 U.S.C. § 1367(d) (providing in relevant part that "[t]he period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.")  Thus, so long as the limitations periods for Plaintiff's state law claims against the Morgan County Defendants had not already run when she

Accordingly, and for all the reasons set forth above, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants under 28 U.S.C. §§ 1367(c).[6]

IV.     **Conclusion**

For all the reasons set forth above, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against the Morgan County Defendants for Obstruction of Justice (Count Four) and Civil Conspiracy (Count Eight).  Accordingly, Counts Four and Eight are hereby dismissed without prejudice.  As there are no remaining claims against them, the Morgan County Board of County Commissioners and Defendants McGrath, Mayle, and Jenkins are dismissed and shall be marked as terminated on the docket.

        **IT IS SO ORDERED.**


Dated:  August 14, 2025                                         *s/Pamela A. Barker*
                                                                PAMELA A. BARKER
                                                                UNITED STATES DISTRICT JUDGE

---

filed the instant action, Plaintiff may be able to argue in state court that the limitations periods for her Obstruction of Justice and Civil Conspiracy claims against the Morgan County Defendants were paused until thirty (30) days after the dismissal of her state claims in these federal court proceedings.

[6] Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Morgan County Defendants, the Court need not (and will not) address the parties' arguments regarding political subdivision immunity.